UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| WHITNEY WINTERS, an individual, and CHERI MORRIS-LUNDHOLM, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> B & B WELDING, INC., d/b/a B & B FABRICATORS, a Washington for profit corporation, <br><br> Defendant. | No. 2:21-cv-00668 <br><br> COMPLAINT <br><br> JURY DEMAND |

COMES NOW the Plaintiffs, WHITNEY WINTERS and CHERI MORRIS-LUNDHOLM, by and through their attorneys, and allege as follows:

### I.  PARTIES

1. Plaintiff Whitney Winters is a permanent resident of the State of Washington.

2. Plaintiff Cheri Morris-Lundholm is a permanent resident of the State of Washington.

3. Defendant B & B Welding, Inc. is a Washington for-profit corporation with its principal office in Arlington, Washington. Its registered agent is LLC Management Services LLC, located at 145 Third Ave South, Suite 200, Edmonds, WA 98020.

COMPLAINT - 1
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

## II. JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint contains claims arising under federal law (Title VII). This Court also has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant as it is a Washington corporation.

## III. VENUE

6. Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) as the acts or omissions giving rise to the claims occurred in this district. The Seattle division is appropriate pursuant to LCR 3(d)(1) as the acts or omissions occurred in Snohomish County and Skagit County.

## IV. FACTUAL BACKGROUND

7. Defendant B&B Welding Inc. is a steel fabrication company that has operated in Western Washington since 1966. Upon information and belief, Defendant employees between 40 and 50 welders at any given time.

8. Plaintiff Whitney Winters is African-American. She began working for Defendant as a welder in November 2019. Plaintiff Cheri Morris-Lundholm is white. She began working for Defendant as a welder in May 2019. Both Plaintiffs had substantial welding experience prior to working for Defendant.

9. Soon after Morris-Lundholm began her employment in 2019, she began to receive unwanted attention from Ryan Gilmore, Defendant's Human Resources manager. Gilmore repeatedly expressed his interest to Morris-Lundholm, including through phone calls, text messages, and comments made while at work. Morris-Lundholm knew that Gilmore was not only a manager, but very close with the owners of the company. Because she was afraid that reporting Gilmore's behavior or standing up to Gilmore would result in her own termination, she politely responded to Gilmore's attention while turning down any attempt to meet outside of

COMPLAINT - 2
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

work.

10. Soon after Winters began her employment, she became friends with Morris-Lundholm. They were the only two female welders on the day shift.

11. Winters began receiving unwanted attention from Gilmore immediately after she was hired. In early 2020, Gilmore's inappropriate behavior towards Winters dramatically worsened. For example, Winters was out of work for a week because she had COVID-19 symptoms and was quarantining while awaiting test results. During that week, Gilmore contacted her and asked that she send him an explicit photo of herself. She declined.

12. In September 2020, Morris-Lundholm was promoted to Quality Control, where she earned higher pay. After she was promoted, Gilmore pulled her behind a closed door, told her that she was promoted "because of" him, and then kissed her. Morris-Lundholm was alarmed and looked around the room, unsure of what to do. Gilmore told her, "Don't worry, there are no cameras in here." Morris-Lundholm was shocked and hurt by the implication that she had not earned the promotion and that she somehow owed Gilmore.

13. Morris-Lundholm is married. This incident caused her significant emotional pain and distress.

14. Meanwhile, Gilmore was continuing to make advances toward Winters. Winters told Morris-Lundholm about the unwanted attention and that Gilmore was sending her suggestive text messages and calling her. Gilmore said that she felt threatened and worried that turning him down might jeopardize her job. In response, Morris-Lundholm shared her own experiences with Gilmore.

15. On October 13, 2020, Winters reported Gilmore's inappropriate behavior to John McKinnon, the foreman and her direct supervisor. Winters explained that Gilmore had also acted inappropriately toward other women, identifying Morris-Lundholm by name. Winters became emotional and began crying while reporting the behavior. Afterwards, she returned to work and finished the day. Upon information and belief, McKinnon relayed the complaint to

COMPLAINT - 3
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

Brian Berguson, who is both the General Manager and one of the owners.

16. That evening, Berguson called Morris-Lundholm to ask her about Winters' complaint. Berguson was dismissive of Winters' complaint, and told Morris-Lundholm that she was "just trying to stir the pot."

17. The next morning, October 14, Morris-Lundholm reported her own experiences with Gilmore to Berguson and McKinnon. While sharing how Gilmore had treated her, she became emotional and began crying. Morris-Lundholm was told that she could take the rest of the day off and that she would be paid for the full day.

18. Winters, who is African-American, was not been offered the same accommodation the day before when she became upset while complaining about the same person.

19. Only after Morris-Lundholm corroborated Winters' complaints did the Defendant decided to hire an outside attorney to investigate the complaints. Berguson called Winters into his office after the decision was made and asked her if she was "going to be honest" to the investigator. Berguson did not ask Morris-Lundholm that same question.

20. The outside attorney interviewed each Plaintiff about their experiences. (Presumably, the attorney also interviewed others.) At the conclusion of her investigation, she presented her findings about Gilmore to Defendant. On October 29, 2020, Defendant fired Gilmore.

21. Less than a month later, on November 24, 2020, Defendant laid off Plaintiffs as part of an alleged "restructuring". At the time Plaintiffs were laid off, Defendant had been requiring all welders to work mandatory overtime on Saturdays. Upon information and belief, Plaintiffs' layoff was not preceded by a decrease in business.

22. Upon information and belief, Defendant posted ads for welders and hired at least two new welders shortly after Plaintiffs were terminated.

23. As Morris-Lundholm continued to look for new employment, she engaged the

COMPLAINT - 4
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

services of a temp agency. She was informed by a recruiter for the agency that there was an open position for a welder. Morris-Lundholm said she was interested in interviewing for the job. A little while later, the recruiter called Morris-Lundholm and told her that the position was with B&B and that she understood that was not an option given her history there. At no time did Morris-Lundholm tell the recruiter anything about Defendant other than that she was let go as part of a "restructuring". Upon information and belief, when Defendant was contacted by the recruiter regarding Morris-Lundholm, it told the recruiter that she was not eligible for re-hire—despite being laid off and not terminated for performance.

24. Winters has suffered economic and non-economic damages, including but not limited to lost wages and emotional distress as a result of the harassment, discrimination, and retaliation. Despite reasonable efforts to mitigate, her damages are ongoing.

25. Morris-Lundholm has suffered economic and non-economic damages, including but not limited to lost wages and emotional distress as a result of the harassment, discrimination, retaliation, and assault. Despite reasonable efforts to mitigate, her damages are ongoing.

26. Plaintiffs each filed a Charge of Discrimination with the EEOC and received a Notice of Right to Sue. This suit is commenced with 90 days of their receipt of said right to sue.

## V.    FIRST CAUSE OF ACTION:

### BOTH PLAINTIFFS AGAINST DEFENDANT—
### SEX DISCRIMINATION (HOSTILE WORK ENVIRONMENT)
### WASHINGTON LAW AGAINST DISCRIMINATION

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 25.

28. Plaintiffs were each subjected to sex discrimination in violation of RCW 49.60 et seq.

29. Plaintiffs were subjected to repeated and ongoing unwelcome sexual advances from Defendant's HR manager. The harassment was pervasive and abusive. As the harasser was an HR Manager, the harassment is imputable to the Defendant.

COMPLAINT - 5
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

30. As a result of Defendant's unlawful conduct, Plaintiffs have been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

## VI.  SECOND CAUSE OF ACTION:

### BOTH PLAINTIFFS AGAINST DEFENDANT—
### RETALIATION
### WASHINGTON LAW AGAINST DISCRIMINATION

31. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 29.

32. Defendant retaliated against Plaintiffs in violation of RCW 49.60.210 by, including but not limited to, terminating them shortly after they engaged in protected activity.

33. As a result of Defendant's unlawful conduct, Plaintiffs have been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

## VII.  THIRD CAUSE OF ACTION:

### MORRIS-LUNDHOLM AGAINST DEFENDANT—
### SEX DISCRIMINATION (*QUID PRO QUO* SEXUAL HARASSMENT)
### WASHINGTON LAW AGAINST DISCRIMINATION

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32.

35. Morris-Lundholm was subjected to *quid pro quo* sexual harassment when Gilmore informed her that she was only promoted "because of him, after which he kissed her without her consent. Gilmore implied that Morris-Lundholm's career with Defendant depended on being physically or sexually available to Gilmore.

36. As a result of Defendant's unlawful conduct, Morris-Lundholm has been damaged both emotionally and financially. Such damages include, but are not limited to, lost

COMPLAINT - 6
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

## VIII. FOURTH CAUSE OF ACTION:

### MORRIS-LUNDHOLM AGAINST DEFENDANT—
### ASSAULT & BATTERY OR
### NEGLIGENCE

37. Plaintiffs reallege and incorporate by reference paragraphs 1 through 36.

38. Defendant's HR manager, Gilmore, acted with the intent to cause a harmful or offensive contact with Morris-Lundholm, and/or an imminent apprehension of such a contact.

39. With the intent to do so, Gilmore caused harmful and offensive contact with Plaintiff.

40. Morris-Lundholm suffered physical and emotional harm as a result of Gilmore's intentional offensive and/or harmful contacts.

41. Defendant's HR manager, Gilmore, committed both assault and battery against Plaintiff.

42. Defendant is vicariously liable for the conduct of its manager. In the alternative, Defendant is liable for the negligent hiring, retention and/or supervision of Gilmore.

## IX. FIFTH CAUSE OF ACTION:

### WINTERS AGAINST DEFENDANT—
### RACE DISCRIMINATION
### WASHINGTON LAW AGAINST DISCRIMINATION

43. Plaintiffs reallege and incorporate by reference paragraphs 1 through 42.

44. The terms and conditions of Winters' employment were different than those of her white comparators; for example, the response to her report of sexual harassment was met with doubt and skepticism. Her race was a substantial factor in that treatment.

45. Defendant's conduct in terminating Winters violated RCW 49.60.180.

COMPLAINT - 7
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

46. As a result of Defendant's unlawful conduct, Winters has been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

### X.   SIXTH CAUSE OF ACTION:

### BOTH PLAINTIFFS AGAINST DEFENDANT—
### SEX DISCRIMINATION (HOSTILE WORK ENVIRONMENT)
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47. Plaintiffs realleges and incorporates herein the above allegations of paragraphs 1 through 46.

48. Plaintiffs were each subjected to sex discrimination in violation of 42 U.S.C. § 2000e *et seq*.

49. Plaintiffs were subjected to repeated and ongoing unwelcome sexual advances from Defendant's HR manager.  The harassment was severe and pervasive.  As the harasser was the head of HR, the harassment is imputable to the Defendant.

50. As a result of Defendant's unlawful conduct, Plaintiffs have been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

### VI.   SEVENTH CAUSE OF ACTION:

### BOTH PLAINTIFFS AGAINST DEFENDANT—
### RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

51. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 50.

52. Defendant retaliated against Plaintiffs in violation of 42 U.S.C. § 2000e *et seq* by, including but not limited to, terminating them one month after they engaged in protected activity.

COMPLAINT - 8
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

53. As a result of Defendant's unlawful conduct, Plaintiffs have been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

### VII.   EIGHTH CAUSE OF ACTION:

### MORRIS-LUNDHOLM AGAINST DEFENDANT—
### SEX DISCRIMINATION (QUID PRO QUO)
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

54. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53.

55. Morris-Lundholm was subjected to sex discrimination in violation of 42 U.S.C. § 2000e *et seq*.

56. Morris-Lundholm was subjected to quid pro quo sexual harassment when Gilmore informed her that she was only promoted because of him, after which he kissed her without her consent. Gilmore implied that Morris-Lundholm's career with Defendant depended on maintaining his good favor.

57. As a result of Defendant's unlawful conduct, Morris-Lundholm has been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

### IX.   NINTH CAUSE OF ACTION:

### WINTERS AGAINST DEFENDANT—
### RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

58. Plaintiffs reallege and incorporate by reference paragraphs 1 through 57.

59. The terms and conditions of Winters' employment were different than those of her white comparators. The disparity in treatment was substantially motivated by Winters' race (Black).

COMPLAINT - 9
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

60. Defendant's conduct in terminating Winters violated 42 U.S.C. § 2000e *et seq*.

61. As a result of Defendant's unlawful conduct, Winters has been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

## X. TENTH CAUSE OF ACTION

### WINTERS AGAINST DEFENDANT— RACE DISCRIMINATION 42 U.S.C. §1981

62. Plaintiffs realleges and incorporates by reference paragraphs 1 through 61.

63. Defendant favored its white employees over Winters, who is black. Winters was required to continue working after reporting Gilmore's misconduct while it was offered to Morris-Lundholm that she take the remainder of the day as paid time off.

64. Winters' race was a motivating factor in Defendant's decision to treat her worse than her white colleagues, and in its decision to terminate Winters.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. Award and entry of judgment in favor of Plaintiffs against Defendant, for actual damages, including past and future compensatory, economic and non-economic damages, general and emotional distress damages proximately caused by the wrongful conduct in violation of RCW 49.60 et seq, and in violation of Title VII of the Civil Rights Act of 1964, plus enhanced damages to offset taxation to make Plaintiffs whole, plus pre-judgment interest on liquidated amounts, and costs, litigation expenses and reasonable attorneys' fees as allowed by law, including but not limited to RCW 49.60.030, 42 U.S.C. 2000e *et seq*., and 42 U.S.C. § 1981 *et seq*.

B. Plaintiffs seeks punitive damages for their Title VII claims pursuant to 42 U.S.C.

COMPLAINT - 10
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

§1981a(a)(1).

C.  Plaintiff Winters seeks punitive damages for her claim arising under 42 U.S.C. §1981.

D.  Plaintiff Morris-Lundholm seeks compensatory damages that resulted from Defendant's assault and battery, including damages for emotional distress and pain and suffering.

E.  Award and entry of injunctive relief prohibiting Defendant from engaging in discriminatory and retaliatory practices and requiring Defendant to undertake training and other efforts to eradicate unlawful action in its workforce.

F.  For such other and further relief as the Court deems just and equitable.

## XII.  JURY DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues triable.

DATED: this 21st day of May, 2021:

BEAN LAW GROUP

*s/Cody Fenton-Robertson*
Cody Fenton-Robertson, WSBA No. 47879
*s/Matthew J. Bean*
Matthew J. Bean, WSBA No. 23221
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618
cody@beanlawgroup.com
matt@beanlawgroup.com
*Attorneys for Plaintiffs*

LAW OFFICE OF ALEX J. HIGGINS

*s/Alex J. Higgins*
Alex J. Higgins, WSBA No. 20868
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856
alex@alexjhiggins.com
*Attorney for Plaintiffs*

COMPLAINT - 11
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT - 12
2:21-cv-00668

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618